B"H

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 1:25-cv-05454-LTS

**Ari Teman v. Noam Biale, Paul Adam Engelmayer, Sher Tremonte, LLP, Justine Harris, Margaret Graham, Jacob Gutwillig, Kedar Bhatia, Edward Imperatore, United States Attorney's Office for the Southern District of New York, et al.**

**MOTION FOR RECUSAL OF JUDGE LAURA TAYLOR SWAIN AND DEFENDANT PAUL ADAM ENGELMAYER AND FOR CHANGE OF VENUE TO THE SOUTHERN DISTRICT OF FLORIDA**

**TO: THE COURT AND ALL PARTIES OF RECORD**

**PLEASE TAKE NOTICE** that Plaintiff Ari Teman, pro se, hereby moves this Court, pursuant to 28 U.S.C. §§ 144, 455, and 1404(a), for the recusal of Judge Laura Taylor Swain and Defendant Paul Adam Engelmayer and for a change of venue to the United States District Court for the Southern District of Florida (SDFL). This motion is based on documented ex parte communications between Judge Swain and Defendant Engelmayer, as noted in Docket 498 of *United States v. Teman*, Case No. 19-cr-696 (S.D.N.Y. Feb. 21, 2025), the pervasive conflicts of interest affecting numerous judges in the Southern District of New York (SDNY) due to the undisclosed conflict involving Noam Biale, Margaret Graham, and Sher Tremonte, LLP, and the significant ties of this case to the Southern District of Florida, where Plaintiff resides and where substantial harm was caused. This motion is served via the Temporary Pro Se SDNY email address as authorized for pro se filings.

**I. INTRODUCTION**

Plaintiff Ari Teman brings this motion to ensure a fair and impartial judicial process in this action, which alleges a conspiracy among the defendants to deprive Plaintiff and other defendants of their constitutional right to conflict-free counsel, in violation of the First, Fifth, and Sixth Amendments. The complaint details serious misconduct, including fraudulent misrepresentation, breach of fiduciary duty, defamation, and civil conspiracy by Defendants

Noam Biale, Paul Adam Engelmayer, Sher Tremonte, LLP, Justine Harris, Margaret Graham, and others, as well as systemic failures by the United States Attorney's Office for the Southern District of New York (SDNY AO). Central to this case is the undisclosed conflict of interest arising from Biale's marriage to Assistant United States Attorney Margaret Graham, which was concealed from Plaintiff and other defendants in "many SDNY cases," as confirmed by a FOIA-obtained email (Exhibit C). This pervasive conflict implicates multiple SDNY judges who failed to hold *Curcio* hearings in cases involving Biale, Graham, or Sher Tremonte, rendering it impossible to secure an impartial judge in this district.

Furthermore, Defendant Engelmayer's ex parte communications with Judge Swain, as documented in Docket 498 of *United States v. Teman* (S.D.N.Y. Feb. 21, 2025), where Engelmayer stated he consulted with Judge Swain, the Chief Judge, regarding Plaintiff's recusal motion, create an appearance of bias that mandates their recusal under 28 U.S.C. § 455. Plaintiff also seeks to transfer this case to the Southern District of Florida, where he resides and where significant harm—financial, emotional, and reputational—arose due to the defendants' actions, including the fraudulent engagement letter and delays in Plaintiff's criminal case.

## II. LEGAL STANDARD

- **Recusal under 28 U.S.C. §§ 144 and 455**: A judge must recuse herself if her impartiality might reasonably be questioned (28 U.S.C. § 455(a)) or if she has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts (28 U.S.C. § 455(b)(1)). Under 28 U.S.C. § 144, recusal is required when a party submits an affidavit demonstrating actual bias or prejudice. The appearance of impartiality is critical to maintaining public confidence in the judiciary. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988). A judge who is a named defendant or material witness in a case must recuse due to inherent bias. *See In re Murchison*, 349 U.S. 133, 136 (1955).

- **Change of Venue under 28 U.S.C. § 1404(a)**: A district court may transfer a civil action to another district "for the convenience of parties and witnesses, in the interest of justice," where the action could have been brought. Factors include the plaintiff's choice of forum, the convenience of parties and witnesses, access to evidence, and the interest of justice. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981). The interest of justice is paramount when pervasive conflicts undermine the fairness of proceedings in the current district.

**III. ARGUMENT**

**A. Judge Swain and Defendant Engelmayer Must Recuse Themselves Due to Ex Parte Communications and Engelmayer's Status as a Defendant and Witness**

Defendant Engelmayer's ex parte communications with Judge Swain, as documented in Docket 498 of *United States v. Teman* (Feb. 21, 2025), where he stated, "The Court is authorized to report that, at its request, the Chief Judge of this District reviewed Teman's motion to recuse and concurs that there is no valid basis for recusal," create an undeniable appearance of bias mandating the recusal of both Judge Swain and Engelmayer under 28 U.S.C. § 455(a). These communications, conducted while Plaintiff was represented by counsel, violate judicial ethics and undermine the impartiality of this Court. *See In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004) (ex parte communications with a party create a presumption of bias requiring recusal).

Engelmayer's status as a named defendant and material witness in this case further necessitates his recusal. The complaint alleges that Engelmayer engaged in defamatory statements, fabricated Jewish laws to prejudice Plaintiff (Exhibit A), concealed the Biale/Graham conflict (Complaint ¶¶ 33, 114), and made ex parte communications with prosecutors to ensure convictions (Exhibit G). His personal involvement, including social interactions and mentoring of Biale and Graham (Complaint 33), makes him a key witness to the alleged misconduct, creating an inherent conflict that precludes his participation in this case, even if he asserts judicial immunity (which Plaintiff contests). *See In re Murchison*, 349 U.S. at 136 (a judge who is a witness to disputed facts cannot adjudicate impartially).

Judge Swain's consultation with Engelmayer, a defendant in this action, regarding Plaintiff's recusal motion further taints her impartiality. This ex parte communication suggests partiality and raises serious questions about her ability to adjudicate this matter fairly, particularly given Engelmayer's central role in the alleged conspiracy. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (recusal required where extrajudicial conduct demonstrates bias).

**B. Pervasive Conflicts in SDNY Necessitate a Change of Venue**

The complaint alleges that the Biale/Graham conflict was never disclosed to defendants in "many SDNY cases" (Exhibit C), implicating numerous SDNY judges who failed to hold *Curcio* hearings in cases involving Biale, Sher Tremonte, or Graham. This systemic failure creates a pervasive conflict of interest, as any SDNY judge assigned to this case risks the appearance of bias due to their potential involvement in, or oversight of, cases tainted by this undisclosed

conflict. The complaint's intent to certify this case as a class action on behalf of other affected defendants amplifies the risk, as a successful outcome could lead to the overturning of convictions and civil judgments in dozens of SDNY cases (Complaint ¶ 33). To maintain the appearance of fairness and public confidence in the judiciary, this case must be transferred to a district free of these conflicts.

The Southern District of Florida is the appropriate venue because:

- **Plaintiff's Residence**: Plaintiff is a citizen of Florida, residing in Miami Beach (Complaint ¶ 21), and was in the Southern District of Florida during key events, including the execution of the fraudulent engagement letter by Sher Tremonte (Complaint ¶ 25).
- **Locus of Harm**: The defendants' actions, including the concealment of the Biale/Graham conflict and Sher Tremonte's fraudulent misrepresentations, caused Plaintiff severe financial harm, emotional distress (noted by Engelmayer himself), and trauma in the Southern District of Florida. These harms include losses to Plaintiff's company, GateGuard, and missed opportunities in capital markets (Complaint ¶ 84).
- **Interest of Justice**: Transferring this case to SDFL avoids the inherent conflicts in SDNY, where judges may have presided over cases involving Sher Tremonte, Biale, or Graham without addressing the conflict. The potential for overturned judgments in SDNY cases underscores the need for an impartial forum.

### C. Additional Grounds for Transfer

The convenience of parties and witnesses supports transfer to SDFL. Plaintiff resides in Miami Beach, and key evidence, including medical records and affidavits from witnesses such as Ronald D. Coleman and Shelly Jenkins Pecot (Exhibits D, E), is accessible in Florida. The defendants, many of whom are attorneys or government officials, are well-equipped to litigate in SDFL, and the public interest in a fair and impartial proceeding outweighs any inconvenience. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09 (1947).

### IV. RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

- **Grant recusal** of Judge Laura Taylor Swain and Defendant Paul Adam Engelmayer pursuant to 28 U.S.C. §§ 144 and 455, due to their ex parte communications and Engelmayer's status as a defendant and material witness, which create actual bias or the appearance thereof.

- **Transfer this case** to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1404(a), in the interest of justice, due to pervasive judicial conflicts in SDNY and Plaintiff's significant ties to SDFL.
- **Prohibit assignment** of this case to any SDNY judge who has presided over matters involving Sher Tremonte, Noam Biale, Justine Harris, or Margaret Graham, to avoid further conflicts.
- **Grant such other and further relief** as the Court deems just and proper.

### V. AFFIDAVIT OF BIAS

Pursuant to 28 U.S.C. § 144, Plaintiff submits the following affidavit, affirming that Judge Swain's ex parte communications with Defendant Engelmayer and the systemic conflicts in SDNY create actual bias or the appearance thereof, necessitating their recusal and transfer of this case.

**Dated**: Tel Aviv, Israel

July 2, 2025 / 6th of Tamuz, 5785

**Respectfully submitted**,

/s/ Ari Teman

**Ari Teman**, Plaintiff, Pro Se

**Email**: ari@teman.com (Plaintiff consents to service / notice by this email in this matter).

Mailing address:

1521 Alton Road #888

Miami Beach, FL 33139

**Service**: This motion is served via the Temporary Pro Se SDNY email address as authorized for pro se filings.

**Attachments**:

- Affidavit of Ari Teman

**cc**: All counsel of record via Temporary Pro Se SDNY email

Case 1:25-cv-05454-LTS    Document 3    Filed 07/08/25    Page 6 of 8

**AFFIDAVIT OF ARI TEMAN IN SUPPORT OF MOTION FOR RECUSAL AND CHANGE OF VENUE**

**STATE OF FLORIDA**

**COUNTY OF MIAMI-DADE**

I, Ari Teman, declare as follows:

- I am the Plaintiff in the above-captioned action, *Ari Teman v. Noam Biale, et al.*, Case No. 1:25-cv-05454-LTS, and I submit this affidavit pursuant to 28 U.S.C. § 144 in support of my motion for the recusal of Judge Laura Taylor Swain and Defendant Paul Adam Engelmayer and for a change of venue to the Southern District of Florida.

- I have personal knowledge of the facts stated herein, based on the complaint, exhibits, and court records in *United States v. Teman*, Case No. 19-cr-696, and this action.

- Defendant Engelmayer engaged in ex parte communications with Judge Swain, as documented in Docket 498 of *United States v. Teman* (Feb. 21, 2025), where he stated he consulted with Judge Swain, the Chief Judge, regarding my recusal motion. This conduct, while I was represented by counsel, creates an appearance of bias and prejudice. Engelmayer's status as a defendant and witness, accused of defamation, concealing the Biale/Graham conflict, and making ex parte communications with prosecutors (Complaint ¶¶ 33, 94, 107), further mandates his recusal.

- The pervasive conflict of interest arising from Noam Biale's marriage to Margaret Graham, undisclosed in "many SDNY cases" (Exhibit C), implicates multiple SDNY judges who failed to hold *Curcio* hearings in cases involving Biale, Graham, or Sher Tremonte, LLP, making it impossible to secure an impartial judge in this district.

- I am a resident of Miami Beach, Florida, within the Southern District of Florida, and I suffered significant harm in this district, including financial losses to my company, GateGuard, emotional distress (noted by Engelmayer), and trauma, due to the defendants' fraudulent misrepresentations and delays in my criminal case (Complaint ¶¶ 84, 104).

- I believe, in good faith, that Judge Swain's and Engelmayer's ex parte communications and the systemic conflicts in SDNY create actual bias or the appearance thereof, necessitating their recusal and the transfer of this case to the Southern District of Florida to ensure a fair and impartial proceeding.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and abilities.

**Executed on**: July 2, 2025  / 6th of Tamuz, 5785

Tel Aviv, Israel

/s/ Ari Teman

**Ari Teman**

**cc**: All counsel of record via Temporary Pro Se SDNY email