## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

**Teman**
    Plaintiff,

v.

**Biale, et al**
    Defendant.      Case No. 1:25-cv-05454

---

**DEFENDANT'S MOTION TO REQUIRE THE UNITED STATES DEPARTMENT OF JUSTICE AND AUSA RACHEL KROLL TO MAKE A SWORN DECLARATION REGARDING COMMUNICATIONS AND FORWARDING OF WAIVER-OF-SERVICE REQUESTS**

Defendant **Ari Teman**, proceeding pro se, respectfully moves this Court to order the **United States Department of Justice** ("DOJ") and **Assistant United States Attorney Rachel Kroll**, who has appeared in this matter on behalf of the government, to make a written statement under penalty of perjury identifying:

1. Which of the named individual defendants and/or entities in this case they have communicated with regarding this action;

2. Which defendants or entities have provided, forwarded, or otherwise transmitted the *Waiver of Service Request* emails sent by Defendant; and

3. On what dates such communications occurred.

---

**I. Basis for the Motion**

    Between October 6 and October 16, 2025, Defendant sent *Waiver of Service Request* emails to several defendants, including **Noam Biale**, **Kedar Bhatia**, and **Margaret Graham**.

    The accompanying Yesware tracking reports demonstrate that these emails were opened from IP addresses registered to the **U.S. Department of Justice** (including 149.101.1.117 and 149.101.1.114), confirming that the communications were accessed or forwarded to DOJ personnel.

    Accordingly, it appears that these individual defendants or their counsel transmitted the waiver-of-service requests to the DOJ or to AUSA Kroll, who then reviewed or acted upon them. Such forwarding demonstrates actual receipt and notice of the filing, satisfying the requirements of **Fed. R. Civ. P. 4(d)** and **5(b)(2)(E)**. Courts have held that where a party receives actual notice and acts on it,

service is effective even if the technical form of service is disputed. *See, e.g.*, **Henderson v. United States**, 517 U.S. 654, 672 (1996); **In re Emanuel**, 406 B.R. 634, 639 (Bankr. S.D.N.Y. 2009).

## II. Pattern of Unethical and Uncooperative Conduct

The evidence also indicates that these defendants have elected to exploit their institutional and resource advantages rather than comply in good faith with their obligations under the Federal Rules. **Rule 4(d)** expressly requires defendants to waive service "to avoid unnecessary expenses of serving the summons," and the Court's local rules reinforce that duty of cooperation.

By failing to respond to or acknowledge the waiver requests—while forwarding them internally to DOJ counsel—these individuals have demonstrated a lack of basic professional decency and respect for judicial economy. This conduct unfairly burdens a pro se litigant of limited means and reflects an apparent intent to obstruct or delay rather than to engage with the Court's processes in good faith.

The Court has inherent authority to ensure that all participants, including government counsel, adhere to the ethical obligations of candor, fairness, and cooperation expected in federal litigation.

## III. Requested Relief

Defendant therefore requests that the Court issue an order:

1. Directing **AUSA Rachel Kroll** to file, under penalty of perjury, a declaration identifying:

   - Each individual or entity named as a defendant in this case with whom she or any DOJ representative has discussed the matter; and

   - Which of those defendants or entities forwarded, transmitted, or otherwise provided the *Waiver of Service Request* emails or their contents to her or to the DOJ.

2. Ruling that any defendant and/or entity who received the *Waiver of Service Request* email and subsequently forwarded it to the DOJ or to AUSA Kroll shall be **deemed served as of the date of such forwarding**, because they had actual notice and took an affirmative act in response to the service request. (This includes entities where their Partners, such as Noam Biale of Sher Tremonte were noticed and forwarded the document to the DOJ).

## IV. Conclusion

Given the documentary evidence of DOJ-based IP activity and the DOJ's admitted representation through AUSA Kroll, Defendant respectfully asks that the Court grant this motion, require the DOJ's

sworn clarification, and recognize service as complete on those defendants who forwarded the waiver request emails.

Defendant further requests that the Court admonish all counsel and parties to comply with their duties of fairness, efficiency, and cooperation under **Fed. R. Civ. P. 1 and 4(d)** to avoid needless cost and delay.

---

**Dated:** October 17, 2025
Respectfully submitted,

/s/ Ari Teman
Ari Teman
Pro Se Plaintiff

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

**Teman**
      Plaintiff,

v.

 **Biale, et al**
      Defendant.                                                                  Case No. 1:25-cv-05454

# [PROPOSED] ORDER DIRECTING THE UNITED STATES DEPARTMENT OF JUSTICE AND AUSA RACHEL KROLL TO SUBMIT A SWORN DECLARATION REGARDING COMMUNICATIONS AND WAIVER-OF-SERVICE FORWARDING

Upon consideration of Defendant Ari Teman's motion dated October 17, 2025, requesting that the Court direct the United States Department of Justice ("DOJ") and Assistant United States Attorney Rachel Kroll to make a sworn declaration under penalty of perjury identifying which of the named defendants or entities in this action have communicated with the DOJ or forwarded the *Waiver of Service Request* emails,

IT IS HEREBY ORDERED that:

1. **Within seven (7) days** of the date of this Order, **Assistant United States Attorney Rachel Kroll** shall file a written declaration, signed under penalty of perjury pursuant to 28 U.S.C. § 1746, identifying:

   - (a) each individual or entity named as a defendant in this matter with whom she or any representative of the DOJ has communicated regarding this case; and

   - (b) which individuals or entities have forwarded, transmitted, or otherwise provided the *Waiver of Service Request* emails or their contents to the DOJ or to her personally.

2. Any defendant or entity who received the *Waiver of Service Request* and subsequently forwarded or otherwise provided it to the DOJ or to AUSA Kroll shall be **deemed served as of the date of such forwarding**, as actual notice and constructive service were achieved.

3. The Court reminds all parties of their obligation under **Fed. R. Civ. P. 1 and 4(d)** to act in good faith and to avoid unnecessary cost or delay in the service of process and conduct of litigation.

SO ORDERED.

Dated: New York, New York
      _____ , 2025

# CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2025, I served a copy of the foregoing **Motion to Require the United States Department of Justice and AUSA Rachel Kroll to Make a Sworn Declaration Regarding Communications and Forwarding of Waiver-of-Service Requests**, together with this **Proposed Order**, by electronic mail to:

**Rachel Kroll, Esq.**
 Assistant United States Attorney
 United States Attorney's Office, Southern District of New York
 Email: **Rachel.Kroll@usdoj.gov**

Service was also made via the Court's CM/ECF electronic filing system via Temp Pro Se email, which provides notice to all registered counsel of record.

**Dated:** October 17, 2025
 **Respectfully submitted,**

/s/ Ari Teman
 Ari Teman
 Pro Se