UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #:_____ |
| DATE FILED: 10/21/2025 |

ARI TEMAN,

                Plaintiff,

      -against-

NOAM BIALE et al.,

                Defendants.

25-cv-5454 (MKV)

ORDER STAYING CASE

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Ari Teman, proceeding *pro se*, initiated this case by filing a complaint on June 28, 2025 [ECF No. 1 (the "Complaint" or "Compl.")].  Teman asserts claims against the judge who presided over his criminal prosecution in *United States v. Teman*, Case No. 19-cr-696, Teman's former defense counsel in that case, and current and former prosecutors whom Teman alleges had some role in his prosecution.  *See* Compl. ¶¶ 8–17.  Teman alleges in the Complaint that the various defendants conspired to deprive him of constitutional rights in connection with his prosecution, among other claims related to that criminal case.  Teman has also filed motions for the recusal of various judges, for a transfer of venue to the Southern District of Florida, and for an order requiring certain defendants to make certain sworn statements [ECF Nos. 3, 15].

Teman, however, is a fugitive from justice in the relevant criminal case from which his claims in this case allegedly arise [19-cr-696 (PAE), ECF Nos. 567, 569, 575, 578 ("Defendant Ari Teman is presently a fugitive, having refused to return, as ordered, from Israel to complete his term of supervised release."); *see* 25-cv-4699 (PAE), ECF No. 9].  As such, "under the fugitive disentitlement doctrine," Teman may not seek relief from this Court in connection with that case. *Hanson v. Phillips*, 442 F.3d 789, 795 (2d Cir. 2006).  As the Supreme Court and the Second Circuit have explained, a "fugitive from justice has demonstrated such disrespect for the legal processes

1

that he has no right to call upon the court to adjudicate his claim." *United States v. Zedner*, 555 F.3d 68, 76 (2d Cir. 2008) (quoting *Ortega-Rodriguez v. United States*, 507 U.S. 234, 246 (1993)). As explained below, the Court has "discretion to refuse" to entertain Teman's case and various pending motions while he remains a fugitive. *United States v. Morgan*, 254 F.3d 424, 426 (2d Cir. 2001) (quoting *United States v. Bravo*, 10 F.3d 79, 83 (2d Cir. 1993)).

To exercise its discretion under the fugitive disentitlement doctrine, the Court must apply a two-step test. *See United States v. Bescond*, 24 F.4th 759, 771 (2d Cir. 2021). The first step is the determination that "the litigant is a fugitive." *Id.* Here, the judge in Teman's criminal case made a "well-founded determination that Teman is a fugitive" based on Terman's failure to comply with multiple orders directing him to return to the United States to complete his term of supervised release [19-cr-696 (PAE), ECF No. 578]. Having carefully reviewed the docket in the relevant criminal case, this Court likewise determines that Teman is a fugitive because he has absconded from supervision, refused to return by the court-ordered deadline, and apparently remains outside of the United States. *See. Zedner*, 555 F.3d at 78.

The second step requires the Court to determine whether disentitlement "would serve the doctrine's objectives." *Bescond*, 24 F.4th at 771. The Court must consider whether disentitlement would serve the purposes of: "1) assuring the enforceability of any decision that may be rendered against the fugitive; 2) imposing a penalty for flouting the judicial process; 3) discouraging flights from justice and promoting the efficient operation of the courts; and 4) avoiding prejudice to the other side caused by the defendant's escape." *Id.* at 773–74 (quoting *Empire Blue Cross & Blue Shield v. Finkelstein*, 111 F.3d 278, 280 (2d Cir. 1997)). Here, the Court finds that staying this case while Teman remains a fugitive would serve the purposes of the fugitive disentitlement doctrine. Clearly, refusing to entertain Teman's claims and motion while he remains a fugitive would serve

2

the purposes of penalizing the flouting of the judicial process and discouraging flights from justice. *See id.* at 773.  Moreover, this Court has no assurance that Teman will comply with its instructions while he remains outside of the United States in defiance of court orders.  *See id.*  Finally, Teman's fugitive status may prejudice the defendants in this action if, for example, they need to depose Teman, or otherwise take discovery from him, in order to defend themselves against his serious accusations.  *See Gao v. Gonzales*, 481 F.3d 173, 177 (2d Cir. 2007) (applying the doctrine to case "in the posture of 'heads I win, tails you'll never find me.'").

For these reasons, the Court exercises its discretion to STAY this action under the fugitive disentitlement doctrine.

**SO ORDERED.**

**Date:  October 21, 2025**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**