UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

**Ari Teman,**

Plaintiff,

v.

**Noam Biale, Margaret Graham, Paul A. Engelmayer, et al.,**

Defendants.

Case No. 1:25-cv-05454 (MKV)

**PLAINTIFF'S MOTION TO VACATE OR LIFT STAY AND NOTICE OF INTENT TO APPEAL IF DENIED**

**I. INTRODUCTION**

Plaintiff **Ari Teman** respectfully moves this Court to vacate or lift its October 21, 2025 Order staying this case under the fugitive disentitlement doctrine. The stay is legally unsustainable and constitutionally impermissible because:

1. The stay directly benefits and shields **a named defendant, Judge Paul A. Engelmayer**, whose own conduct—including alleged ex parte coordination with prosecutors and defense counsel—is a central issue in this civil action.

2. The stay improperly relies on the findings and orders of that same conflicted judge, whose actions are themselves challenged here and under appeal in *United States v. Teman*, No. 24-345 (2d Cir.).

3. The "fugitive" determination is factually incorrect, legally premature, and contradicted by objective medical and logistical evidence already before the Second Circuit and this Court.

This case challenges an alleged pattern of **judicial and prosecutorial misconduct**, including concealed conflicts of interest between Teman's defense attorney Noam Biale and AUSA Margaret Graham (spouses), and ex parte collaboration between Judge Engelmayer and the U.S. Attorney's Office. Allowing the stay to remain in force effectively prevents judicial review of serious constitutional violations by permitting one judge to rely on another's tainted orders to silence a litigant.

## II. THE STAY IS CONFLICTED AND VIOLATES DUE PROCESS

### A. Judge Engelmayer Is a Named Defendant

Judge Engelmayer is a defendant in this civil action. His rulings and conduct—including the very "fugitive" designation cited by this Court—are the subject of the Complaint and of pending appellate proceedings. Relying on those rulings to justify a stay is therefore circular, self-protective, and a textbook due process violation.

The Supreme Court has long held that **no person may be a judge in his own cause**. *In re Murchison*, 349 U.S. 133, 136 (1955). A federal judge cannot rely on a colleague's orders to preserve the integrity of those same orders when the issue before the court is whether those orders were the product of corruption and ex parte collusion.

### B. The Conflict Extends to This Court

By enforcing a stay that protects another sitting judge from discovery and testimony, this Court becomes an interested actor rather than a neutral arbiter. The appearance of impropriety is overwhelming. Under 28 U.S.C. § 455(a), recusal is required whenever a judge's impartiality "might reasonably be questioned." Here, any reasonable observer would conclude that the stay functions to insulate a colleague rather than adjudicate the claims on their merits.

## III. THE STAY MISAPPLIES THE FUGITIVE DISENTITLEMENT DOCTRINE

The October 21 Order quotes *Zedner* and *Bescond* but misapplies them.

- **Court-Approved Travel:** Plaintiff's travel to Israel was expressly authorized (19-cr-696, Dkt. 456), and multiple extensions were granted through June 1, 2025 (Dkts. 465, 484, 531).

- **Probation Recommendation:** Probation Officer Wong recommended that Teman remain abroad due to ongoing war and medical incapacity.

- **Documented Barriers:** No passenger ships or cargo vessels carrying passengers were operating from Israel to the United States during that period due to Houthi attacks and wartime conditions.

- **Medical Impossibility:** Teman's Eustachian Tube Dysfunction, confirmed by objective ETF testing at Sheba Medical Center, made air travel dangerous and medically prohibited. Teman requires ongoing MRIs to determine what surgery or other procedures are necessary to remove a mass such that prolonged travel by air or sea would be safe.

These facts were never disputed by medical professionals or the Government's own consultant. The condition is measurable, not subjective. Thus, labeling Plaintiff a "fugitive" is a **legal and factual error** unsupported by evidence.

## IV. THE ORDER UNDERMINES APPELLATE JURISDICTION AND PREJUDICES PLAINTIFF'S RIGHTS

The stay order rests on findings from the very proceeding that is **under appeal before the Second Circuit (Case No. 24-345)**. Those findings are not final. They are the subject of a pending motion for reconsideration and involve allegations of judicial bias and misconduct.

By freezing this civil action, the Court interferes with appellate review and denies Plaintiff a forum in which to develop the factual record concerning those same conflicts. Such interference contravenes 28 U.S.C. § 2106 and Supreme Court precedent disfavoring parallel deference to a contested ruling.

## V. FAILURE TO LIFT THE STAY WOULD VIOLATE ACCESS TO COURTS

The stay effectively deprives Plaintiff of any judicial forum to litigate his constitutional claims. Every other defendant—including the conflicted judge and prosecutors—continues to enjoy full access to the courts and immunity defenses, while Plaintiff is silenced through a procedural fiction.

The **fugitive disentitlement doctrine is discretionary, not punitive**, and must yield when its application would offend due process. *United States v. Bescond*, 24 F.4th 759 (2d Cir. 2022). Here, applying the doctrine to protect sitting judges and prosecutors from civil discovery goes far beyond its intended scope.

## VI. NOTICE OF INTENT TO APPEAL

Pursuant to Federal Rule of Appellate Procedure 4(a)(4) and Local Civil Rule 6.3, Plaintiff gives **notice of intent to appeal** if this Court does not vacate or lift the stay within 14 days. Plaintiff requests that the Court expressly enter judgment under Rule 54(b) to allow immediate appeal of the stay order.

To preserve appellate rights, Plaintiff will file a **Notice of Appeal** within 30 days of any denial, and contemporaneously seek review in the Second Circuit and, if necessary, a **petition for writ of mandamus** under 28 U.S.C. § 1651.

## VII. RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

1. **VACATE or LIFT** the stay imposed on October 21, 2025;

2. Alternatively, **CERTIFY** the order for interlocutory appeal under 28 U.S.C. § 1292(b);

3. In the event of denial, **ENTER JUDGMENT** under Rule 54(b) to preserve Plaintiff's right of appeal; and

4. Grant such other and further relief as justice requires.

**Dated: October 22, 2025**

Respectfully submitted,

**/s/ Ari Teman**
Ari Teman, Pro Se
Tel Aviv, Israel
ari@teman.com