UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ari Teman, Plaintiff,

v.

Noam Biale et al., Defendants.

Case No. 1:25-cv-05454 (MKV)

---

**PLAINTIFF'S SUPPLEMENT TO MOTION TO VACATE STAY**

**AND MOTION FOR ORDER PRESERVING AND COLLECTING ELECTRONIC EVIDENCE**

---

## I. INTRODUCTION

Plaintiff Ari Teman respectfully submits this supplemental memorandum to correct the factual and legal errors underlying the Court's October 21, 2025 Order staying this case

b13595ac-573d-4adb-a5dc-7b73eb2…

and to move for entry of an order preserving and securing critical evidence through a neutral third-party discovery vendor.

The stay order incorrectly assumes that discovery cannot proceed because Plaintiff might not be available for deposition in New York. In reality, Plaintiff is—and always has been—available to participate in all proceedings remotely by video or in person in Israel. Indeed, **every hearing, meeting, and attorney-client discussion involving Teman while represented by Noam Biale and Sher Tremonte LLP occurred remotely**, with the Court's full approval.

---

## II. PRIOR COURT-APPROVED REMOTE PROCEEDINGS DEMONSTRATE THAT VIDEO PARTICIPATION IS SUFFICIENT

Throughout *United States v. Teman*, 19-cr-696 (PAE), Judge Engelmayer conducted multiple hearings—including status conferences, supervision reviews, and **sentencing—over Video Chat (Skype / Microsoft)**. All parties and the Court relied upon remote video appearances without incident.

Likewise, all attorney-client meetings between Teman and his court-appointed counsel, Noam Biale and Jeffrey Harris of Sher Tremonte, took place via video or phone. **Biale and Harris were never once in the same physical room with their client.** During several of those remote meetings, **Assistant U.S. Attorney Margaret Graham—Biale's spouse—was visible behind Biale on camera, apparently overhearing privileged communications.**

Because the Court previously authorized video appearances for hearings, sentencing, and attorney-client coordination, denying remote participation now would be inconsistent with both precedent and fairness.

## III. REMOTE AND FOREIGN DEPOSITIONS ARE AUTHORIZED BY THE FEDERAL RULES

Federal Rule of Civil Procedure 28(b) expressly permits depositions "in a foreign country," and Rule 30(b)(4) authorizes depositions "by remote means." Federal courts—including those in the Second Circuit—routinely conduct depositions abroad or by video when travel is impracticable. *Cadent Ltd. v. 3M Unitek Corp.*, C.D. Cal. 2005; *U.S. ex rel. Barko v. Halliburton Co.*, D.D.C. 2010.

Plaintiff is available to sit for deposition either at the U.S. Embassy in Tel Aviv or by videoconference under court supervision. Any contrary presumption of prejudice is therefore unfounded.

## IV. UNEQUAL TREATMENT AND STRUCTURAL CONFLICTS

Refusing remote participation now—after years of permitting it—suggests unequal treatment driven by institutional conflicts. The principal difference between the criminal proceedings and this civil action is that **Judge Engelmayer is a named defendant**, and **the Southern District of New York itself is implicated** because numerous Sher Tremonte clients may face conflict-based relief or retrial.

Continuing to stay the case under these circumstances appears to shield judicial colleagues rather than ensure impartial adjudication. Such selective application of procedural discretion undermines the appearance of neutrality required by 28 U.S.C. § 455(a).

## V. MOTION FOR ORDER PRESERVING AND COLLECTING ELECTRONIC EVIDENCE

To ensure that relevant evidence is not destroyed or altered while this case remains stayed, Plaintiff moves for an order directing immediate preservation and neutral collection of electronically stored information (ESI).

### A. Appointment of Neutral Third-Party Discovery Vendor

Plaintiff respectfully requests that the Court order Defendants to submit their relevant electronic accounts and devices—including personal and work email accounts, mobile phones, WhatsApp, Signal, and other messaging platforms—to a **court-approved third-party discovery vendor**.

The vendor shall (1) preserve all data in place, and (2) run targeted searches using a keyword list to be provided by Plaintiff, including but not limited to **"Teman," "GateGuard," "Curcio," "Conflict," "Supervised Release," "Sher Tremonte," "Engelmayer," "Biale," and "Graham."** The resulting data shall be forensically preserved and maintained under seal pending further discovery orders.

### B. Alternative Relief—Preservation Order

In the alternative, Plaintiff moves for a preservation order directing that:

1. The named defendants—**Noam Biale, Judge Paul A. Engelmayer, AUSA Margaret Graham, Jeffrey Harris, Jacob Guttwillig, Kedar Bhatia, and Sher Tremonte LLP**—are deemed served for purposes of preservation obligations under Rules 26 and 37;

2. Each defendant and their agents shall immediately **preserve and refrain from deleting or destroying any emails, texts, WhatsApp messages, or other records relating to this matter, GateGuard, or Plaintiff Ari Teman**; and

3. The Court warn that failure to preserve such evidence may result in sanctions, adverse-inference findings, or contempt.

## VI. GOOD CAUSE

This relief is necessary because several defendants are alleged to have engaged in misconduct and conflicts of interest that go to the heart of this action. Evidence of communications among them—particularly those between Biale, Graham, Engelmayer, and Sher Tremonte—may exist on personal or unofficial devices. Preservation through a neutral vendor is the only way to ensure the integrity of the record and prevent spoliation.

## VII. CONCLUSION AND RELIEF REQUESTED

If the Court is acting impartially and not attempting to obstruct justice or protect Judge Engelmayer—who, according to reports before the Executive Branch and members of Congress, faces potential impeachment proceedings—then the Court should **lift the stay** and allow discovery to proceed, or at a minimum issue the preservation order requested herein.

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. **Vacate or lift the stay** entered October 21, 2025;

2. **Appoint a neutral discovery vendor** or, alternatively, enter a **preservation order** as set forth above;

3. **Deem the named defendants served** for preservation purposes;

4. **Certify the order for interlocutory appeal** under 28 U.S.C. § 1292(b) if relief is denied; and

5. Grant such other and further relief as justice requires.

---

**Dated:** October 22, 2025
Tel Aviv, Israel

Respectfully submitted,
/s/ Ari Teman
Ari Teman, Pro Se
Tel Aviv, Israel
ari@teman.com