

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

December 3, 2025

**<u>Via ECF</u>**
Honorable Mary Kay Vyskocil
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl St.
New York, NY 10007

      Re:    *Teman v. Biale, et al.*, 25 Civ. 5454 (MKV)

Dear Judge Vyskocil:

      This Office represents defendants Margaret Graham, Jacob Gutwillig, Kedar Bhatia, Edward Imperatore, Paul Adam Engelmayer (the "Individual Defendants")[1] and the United States Attorney's Office for the Southern District of New York (together, the "Government Defendants") in this action brought by plaintiff Ari Teman ("Plaintiff"). The undersigned appears in this case to notify the Court that the Government Defendants have not been properly served and to seek dismissal on that basis, and such appearance does not constitute a waiver of service. *See Grammenos v. Lemos*, 457 F.2d 1067, 1070 (2d Cir. 1972) ("A party can file a general appearance and object to personal jurisdiction or venue at any time before the answer is filed or in the answer.").

      I write to the Court pursuant to the Court's Individual Practice Rule 4.A.i to request a pre-motion conference regarding the Government's anticipated motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 4(m). Plaintiff objects to this request. The basis of the anticipated motion would be as follows.

*Factual Background*

      On June 28, 2025, Plaintiff filed the Complaint. ECF No. 1. According to Plaintiff, he emailed waiver of service requests to the Government Defendants between October 6 and October 16, 2025. ECF Nos. 15–18. As of the date of this filing, none of the Government Defendants waived service and none were properly served.

      On October 6, 2025, the Second Circuit dismissed Plaintiff's appeal from his criminal case with prejudice under the fugitive disentitlement doctrine. *See United States v. Teman*, 24 Cr. 345,

---

[1] The Department of Justice is representing the Individual Defendants pursuant to 28 C.F.R. § 50.15(a), by which "a federal employee . . . may be provided representation in civil . . . proceedings in which he is sued, subpoenaed, or charged in his individual capacity . . . when the actions for which representation is requested reasonably appear to have been performed within the scope of the employee's employment."

ECF No. 77.1 (attached hereto as Exhibit 1).  On October 21, this Court stayed this case under the fugitive disentitlement doctrine, but did not dismiss it.  ECF No. 20.  On October 22, Plaintiff objected to the stay order, expressing that he would be "available to participate in all proceedings remotely by video or in person in Israel."  ECF Nos. 21, 22.

*Federal Rule of Procedure 4(m)*

"On a motion to dismiss for improper service, 'the plaintiff bears the burden of establishing that service was sufficient.'"  *Hancock v. Beauty Fashion Sales Grp. Inc.*, No. 24 Civ. 3921 (MKV), 2025 WL 2592256, at *1 (S.D.N.Y. Sept. 8, 2025) (quoting *Khan v. Khan*, 360 F. App'x 202, 203 (2d Cir. 2010)).  "Rule 4 of the Federal Rules of Civil Procedure 'governs the content, issuance, and service of a summons.'"  *Id.* (quoting *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010)).  "The Court may also 'look to matters outside of the complaint' to determine the adequacy of service."  *Id.* (quoting *Hines v. Roc-A-Fella Recs., LLC*, No. 19 Civ. 4587 (JPO), 2020 WL 1888832, at *2 (S.D.N.Y. Apr. 16, 2020)).

"Under Rule 4(m), 'if a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.'"  *Id.* (quoting Fed. R. Civ. P. 4(m)).  "Rule 4(m) obligates the Court to extend the time for service 'if the plaintiff shows good cause for the failure.'"  *Id.* (quoting Fed. R. Civ. P. 4(m)).  "In determining whether a plaintiff has shown good cause, courts weigh the plaintiff's reasonable efforts and diligence against the prejudice to the defendant resulting from the delay."  *Id.* (quoting *DeLuca*, 695 F. Supp. 2d at 66).

Here, Plaintiff failed to serve the Government Defendants within 90 days of filing his complaint (i.e., by September 26, 2025).  After the 90 days lapsed, Plaintiff emailed waiver of service requests but did not attempt to effectuate proper service.  No Government Defendant has waived service.

Furthermore, Plaintiff will be unable to show good cause for his failure to timely serve the Government Defendants; he has been deemed a fugitive by the Second Circuit which has dismissed his appeal with prejudice, *see* Ex. 1, and represented to this Court that he would intend to litigate this case from Israel, *see* ECF No. 22.  This case should therefore be dismissed without prejudice so that it does not remain on this docket in perpetuity while Plaintiff remains a fugitive.

\* \* \*

Consistent with the above, the Government Defendants request leave to file a motion to dismiss under Rule 4(m).  The Government Defendants propose the following briefing schedule: (i) the Government shall have 30 days to file its motion, (ii) Plaintiff shall have 30 days to oppose, and (iii) the Government shall have 21 days to reply.

In the alternative, this Court may, dismiss the action without prejudice *sua sponte* because Plaintiff has not served the Government Defendants within 120 days after the filing of the complaint (i.e., by October 26, 2025).  Fed. R. Civ. P. 4(m); *see also Cioce v. Cnty. of Westchester*,

128 F. App'x 181, 183 (2d Cir. 2005) ("[A]lthough Rule 4(m) indicates that 'notice to the plaintiff must be given prior to a *sua sponte* dismissal,' it does not appear that the court must provide such notice if the defendant moves to dismiss on that basis. Indeed, such notice would be unnecessary because the plaintiff is, in such a situation, apprised by the defendant's motion of the possible dismissal." (quoting *Thompson v. Maldonado*, 309 F.3d 107, 109–10 (2d Cir. 2002))).

    I thank the Court for its consideration of this request.

                  Respectfully submitted,

                    JAY CLAYTON
                    United States Attorney for the
                    Southern District of New York

          By:   */s/ Rachel Kroll*
                    RACHEL KROLL
                    Assistant United States Attorney
                    86 Chambers Street, Third Floor
                    New York, New York 10007
                    Tel.: (212) 637-2765
                    E-mail: rachel.kroll@usdoj.gov
                    *Attorney for the Government Defendants*

cc: Plaintiff (by e-mail)