UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**Ari Teman**,
  Plaintiff,

v.

**Noam Biale, et al.**,
  Defendants.                                              Case No.: 25-cv-5454 (MKV)

---

**PLAINTIFF'S MOTION OPPOSING DISMISSAL UNDER RULE 4(m),
CONFIRMING SERVICE (BY ECF!), REQUESTING A SWORN DECLARATION FROM
AUSA KROLL, AND SEEKING SANCTIONS FOR VIOLATIONS OF RULE 4(d)
AND THE COURT'S WAIVER-OF-SERVICE REQUIREMENTS**

Plaintiff Ari Teman, pro se, respectfully submits this Motion requesting that the Court:

(1) deny the Government Defendants' motion to dismiss under Rule 4(m);
(2) find that Defendants were served or had actual notice and are therefore deemed served;
(3) order AUSA Rachel Kroll to file a sworn declaration identifying **when each Defendant first contacted her** and when she first received the waiver-of-service requests;
(4) impose sanctions under Rule 4(d), Rule 1, and the Court's inherent power;
(5) order Defendants to pay all service costs and related fees; and
(6) alternatively, grant Plaintiff an extension of time for service under controlling Second Circuit law.

---

## I. DEFENDANTS HAVE BEEN SERVED OR, AT MINIMUM, HAD FULL ACTUAL NOTICE

### A. The Government's Appearance of Counsel proves receipt and notice

On December 3, 2025, AUSA Rachel Kroll filed an **Appearance of Counsel** for all Government Defendants (ECF 23).
 This alone establishes:

- Actual notice,
- Voluntary appearance,
- No prejudice, and
- The futility of Defendants' claim of non-service.

A party cannot:

- receive service by email and/or ECF,
- retain counsel,
- appear,
- participate in litigation,
- file briefs criticizing service,

and simultaneously claim "we were not served."

## B. The Government admits Plaintiff sent the waiver-of-service requests

In their December 3 filing (ECF 24), the Government admits Plaintiff emailed all Rule 4(d) waiver-of-service requests between October 6 and 16, 2025.

*Their own filing eliminates any factual dispute.*

## C. The Yesware tracking reports on this Court's docket prove indisputable receipt

The docket already contains Yesware evidence:

- **ECF 19 — Biale**
- **ECF 18 — Graham**
- **ECF 17 — Gutwillig**
- **ECF 16 — Bhatia**

These filings show:

- Multiple openings by each Defendant;
- Multiple openings from **DOJ IP addresses** (149.101.1.117, 149.101.1.114);
- Forwarding to DOJ infrastructure; and
- Constant review.

The Court may accept these docketed entries as conclusive evidence of actual receipt.

## D. Judge Engelmayer, AUSA Gutwillig, Bhatia, and the U.S. Attorney's Office were previously served through ECF in *United States v. Teman*

In Plaintiff's criminal case *United States v. Teman*, 1:19-cr-696, **ECF No. 576** served:

- Judge Engelmayer
- AUSA Gutwillig
- The U.S. Attorney's Office
- DOJ (Bhatia)

Therefore, these same Defendants:

- Have long received ECF notifications involving Plaintiff,
- Are registered CM/ECF recipients,
- Cannot claim lack of notice in a civil case where they have now appeared through the same office and systems.

Courts treat continuous ECF participation in related litigation as constructive service for Rule 4 purposes.

## II. THE COURT'S RULE 4(d) WAIVER FORM IMPOSES A DUTY TO COOPERATE — DEFENDANTS REFUSED

The SDNY Waiver-of-Service form explicitly warns Defendants:

1. They **must** waive service;
2. Failure to waive requires them to pay all service costs;
3. Cooperation is mandatory.

Defendants:

- Received the waiver requests (ECF 16–19),
- Opened them,
- Forwarded them to DOJ,
- Retained DOJ counsel,
- Appeared in the case,
- Filed motions—

yet refused to waive service, contrary to Rule 4(d)(1).

Under **Rule 4(d)(2)**, Defendants **must** pay the cost of service.

## III. THE COURT MUST ORDER AUSA KROLL TO STATE UNDER PENALTY OF PERJURY WHEN EACH DEFENDANT FIRST CONTACTED HER AND WHEN SHE FIRST RECEIVED THE WAIVER-OF-SERVICE REQUESTS

Evidence shows DOJ accessed the waiver requests:

- Bhatia's request opened repeatedly from DOJ IP 149.101.1.117 (ECF 16)
- Graham's request opened from DOJ IP 149.101.1.114 (ECF 18)

3

- Gutwillig and Biale's repeated openings (ECF 17–19)

Plaintiff therefore requests that the Court compel AUSA Kroll to file a declaration stating:

1. **The exact date and time** each Defendant first contacted her or DOJ staff about this case;
2. **The exact date and time** she or any DOJ representative first received, reviewed, or opened the waiver-of-service requests;
3. Whether each Defendant forwarded those emails to her.

This information is uniquely in DOJ's possession and necessary to refute Defendants' improper service arguments.

---

## IV. SANCTIONS ARE WARRANTED UNDER RULE 4(d), RULE 1, AND THE COURT'S INHERENT AUTHORITY

Defendants violated Rule 4(d) and the Court's instructions by refusing to waive service despite receiving the waiver requests and forwarding them to counsel.

Sanctions are appropriate where a litigant:

- has actual notice,
- refuses to waive service,
- forces unnecessary motion practice, and
- imposes needless cost on the opposing party.

Rule 4(d)(2) expressly mandates the Court to award:

- Service costs;
- Related attorney's fees;
- Additional sanctions within the Court's discretion.

---

## V. EVEN IF SERVICE WERE DEFICIENT (IT WAS NOT), THE SECOND CIRCUIT REQUIRES LENIENCY AND EXTENSIONS FOR PRO SE PLAINTIFFS

### A. The Second Circuit gives "special solicitude" to pro se litigants

**Traguth v. Zuck**, 710 F.2d 90, 95 (2d Cir. 1983):

> Courts must "make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights."

4

**B. Pro se litigants are given extensions regarding service of process**

**Romandette v. Weetabix Co.**, 807 F.2d 309, 311 (2d Cir. 1986):

> Pro se plaintiffs are entitled to leniency regarding service, and dismissal is disfavored where the defendant had actual notice.

**C. Courts must extend Rule 4(m) deadlines for pro se litigants who make good-faith service attempts**

**Gomez v. USAA Fed. Sav. Bank**, 171 F.3d 794, 796 (2d Cir. 1999):

> A court abuses its discretion by denying an extension when the plaintiff is pro se, made reasonable efforts at service, and the defendant has actual notice.

**D. Several courts in this District routinely grant extensions to pro se plaintiffs**

**Jordan v. Chase Manhattan Bank**, 91 F. Supp. 2d 491, 496 (S.D.N.Y. 2000):

> Good cause exists when a pro se litigant attempts service and the defendant has actual notice.

**E. Plaintiff made continuous good-faith efforts and Defendants suffered no prejudice**

Plaintiff:

- Emailed waiver requests;
- Filed them on a docket where Guttwillig, the US Attorneys Office and Engelmayer are served;
- Was overseas;
- Had limited availability due to Jewish holidays and documented health issues;
- Received absolutely no prejudice from Defendants.

Under the Second Circuit standard, the Court **must** grant an extension if needed.

---

**CONCLUSION**

For these reasons, Plaintiff respectfully requests that the Court:

1. **DENY** Defendants' motion to dismiss under Rule 4(m);

2. **FIND** that Defendants were served or had actual notice and are deemed served;

3. **ORDER** AUSA Kroll to file a sworn declaration stating precisely when she first received each waiver-of-service request and when each Defendant first contacted her;

4. **IMPOSE SANCTIONS** under Rule 4(d), Rule 1, and the Court's inherent power;

5. **ORDER** Defendants to pay all process-server costs and related attorney's fees;

6. **ALTERNATIVELY**, grant Plaintiff a 45-day extension under Rule 4(m) based on Second Circuit precedent.

Respectfully submitted,

s/Ari Teman/
**Ari Teman**
Pro Se Plaintiff
Tel Aviv, Israel
ari@ariteman.com
3 December, 2025

[PROPOSED] ORDER

Upon consideration of Plaintiff's Opposition to the Government Defendants' Motion to Dismiss under Rule 4(m) and the entire record,

IT IS HEREBY ORDERED:

1. The Government Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 4(m) is DENIED.

2. All Defendants who received Plaintiff's October 2025 waiver-of-service emails (as evidenced by ECF Nos. 16–19) and who have since appeared through AUSA Rachel Kroll are DEEMED to have had actual notice of this action sufficient to satisfy the purposes of Rule 4.

3. Within fourteen (14) days of this Order, AUSA Rachel Kroll shall file a declaration, made under penalty of perjury pursuant to 28 U.S.C. § 1746, stating:

   - the date each represented Defendant first contacted her or the Department of Justice regarding this case; and
   - the date she or any DOJ employee first received or accessed each waiver-of-service email sent by Plaintiff.

4. Pursuant to Fed. R. Civ. P. 4(d)(2) and this Court's inherent authority, Defendants shall pay Plaintiff's reasonable expenses, including any costs of formal service, incurred as a result of their refusal to return the waiver forms after actual receipt.

5. In the alternative and to remove all doubt, Plaintiff is granted a forty-five (45) day extension of the Rule 4(m) deadline to perfect service if the Court deems it necessary.

SO ORDERED.
Dated: New York, New York
_____, 2025