UNITED STATES DISTRICT COURT
SOUTHTHERN DISTRICT OF NEW YORK

---

ARI TEMAN,
Plaintiff,
v.
NOAM BIALE, et al.,
Defendants.                                    Case No. 1:25-cv-5454 (MKV)

---

**PLAINTIFF'S MOTION TO LIFT STAY**
**AND TRANSFER VENUE**
**TO THE SOUTHERN DISTRICT OF FLORIDA**

Plaintiff Ari Teman respectfully moves this Court to lift the stay previously entered in this action and restore the matter to the active docket. In the alternative, Plaintiff requests that the Court transfer venue to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). In support, Plaintiff states as follows:

---

## I. INTRODUCTION

This Court stayed the action pursuant to the fugitive disentitlement doctrine based on Plaintiff's alleged fugitive status in a related criminal case. Since that time, Judge Lewis J. Liman of this District issued a published Opinion and Order holding that the fugitive disentitlement doctrine does **not** apply to Plaintiff's civil claims where no nexus exists between fugitivity and those proceedings.
See *Teman v. Zeldes Needle Cooper LLP*, No. 24-cv-9830 (LJL), ECF 32 at 6–7 (Dec. 31, 2025).

Because the same factual posture exists here, and because the stay now creates the appearance that SDNY applies disentitlement differently depending on the identity of the defendants, the stay should be lifted.

Alternatively, to preserve neutrality and public confidence, the case should be transferred to the Southern District of Florida.

---

## II. RENEWED MOTION IS PROPER AND NON-SANCTIONABLE

1

This filing is not a repetition of arguments already raised. It is based on **intervening legal authority** issued after the Court imposed the stay and after Plaintiff's prior reconsideration motion.

On December 31, 2025, Judge Liman held that Plaintiff's civil action against Zeldes Needle Cooper LLP should proceed because:

> "the instant case lacks the expressly required nexus between fugitivity and the course of the proceedings."
> *Teman v. ZNC*, 24-cv-9830 (LJL), ECF 32 at 6–7

Intervening authority from a co-equal court meets well-recognized standards for revisiting interlocutory rulings:

- **Fed. R. Civ. P. 54(b)** — interlocutory orders "may be revised at any time before entry of judgment."
- **Virgin Atl. Airways v. Nat'l Mediation Bd.,** 956 F.2d 1245, 1255 (2d Cir. 1992) — courts should reconsider prior rulings when presented with "an intervening change in controlling law."
- Pro se litigants benefit from liberal construction, including with respect to motion practice.

Plaintiff therefore files this motion in good faith, with new law supporting modification of the stay, and not for delay or harassment. Sanctions are inapplicable.

---

## III. RECENT AUTHORITY REQUIRES LIFTING THE STAY

### A. There is no nexus between alleged fugitivity and this case

Judge Liman's Opinion squarely rejected application of the doctrine to Plaintiff's civil claims:

> "The instant case lacks the expressly required nexus between fugitivity and the course of the proceedings."
> Id.

The same is true here:

- Plaintiff seeks damages for past misconduct,
- Evidence is documentary and institutional,
- No court order requires Plaintiff's physical presence,
- No tactical advantage arises from Plaintiff's location.

Under **Empire Blue Cross & Blue Shield v. Finkelstein**, 111 F.3d 278 (2d Cir. 1997), **lack of nexus is dispositive**.

## B. Disentitlement is disfavored and discretionary

The Supreme Court has cautioned:

> "Fugitive disentitlement is a harsh sanction not favored in the law."
> *Degen v. United States*, 517 U.S. 820, 827–28 (1996).

Degen reversed a stay in circumstances where, as here, the government attempted to obtain civil advantage from criminal leverage.

## C. The stay causes measurable and continuing prejudice

Continued delay:

- tolls accountability for alleged wrongs,
- threatens witness recollection,
- risks loss of records through turnover,
- and creates tactical advantage for defendants.

This is the opposite of what fugitive disentitlement is intended to produce.

---

## IV. THE APPEARANCE OF FAIRNESS REQUIRES LIFTING THE STAY

Courts must protect **the appearance, not merely the fact, of impartiality**:

- *Offutt v. United States*, 348 U.S. 11, 14 (1954)
- *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988)

In this case, Plaintiff alleges:

- undisclosed familial and matrimonial relationships between defense counsel and SDNY AUSAs,
- conduct coordinated with current and former SDNY prosecutors,
- involvement of Judge Engelmayer—who is named as a defendant,
- and a travel directive Plaintiff asserts was impossible, facilitating the fugitive designation relied on here.

The Court need not determine the truth of those allegations today.
But maintaining a stay under these circumstances risks conveying:
**that civil suits naming SDNY personnel are handled differently than cases involving private litigants.**

Two rulings already demonstrate this divergence:

| Case | Defendant Identity | Result |
|——|——|——|
| *Teman v. ZNC* | Private attorneys | **No stay** |
| *Teman v. Biale* | SDNY prosecutors & federal judge | **Stay imposed** |

The law should not turn on who sits at the defense table.

---

## V. LESS RESTRICTIVE MEANS EXIST

If the Court has concerns about Plaintiff's availability:

- Remote depositions are explicitly authorized (Fed. R. Civ. P. 30(b)(4))
- Document discovery is unaffected
- Trial handling can be addressed after discovery

Because reasonable alternatives exist, continued stay is not the least restrictive option.

---

## VI. ADDITIONAL REQUEST — TRANSFER TO SDFL

### A. Venue and jurisdiction are proper in SDFL

Plaintiff resides in Miami Beach and maintains personal, medical, and economic ties there.

### B. The interests of justice strongly support transfer

Under **28 U.S.C. § 1404(a)**, transfer is appropriate where:

- fairness is better served,
- neutrality is more assured,
- public perception is protected.

### C. Divergent treatment strengthens the equities for transfer

Where:

- a case against private defendants proceeds,
- but a case against SDNY-affiliated defendants stalls,

even the reasonable observer could question neutrality.

SDFL:

- has no institutional or personal involvement with the events at issue,
- affords a neutral adjudicatory environment,
- and eliminates structural appearance concerns ( SDNY judges, prosecutors cannot have ex parte in-person meetings with judges in SDFL judges without a paper trail, etc)

---

## VII. RELIEF REQUESTED

For all the foregoing reasons, Plaintiff respectfully requests that the Court:

1. **Lift the stay and restore this action to the active docket;**

2. **Set a schedule for answers and discovery;**

3. **Transfer this action to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1404(a);**
   and
4. Grant such further relief as the Court deems just and proper.

---

Respectfully submitted,

**s/Ari Teman/**

**Ari Teman**
Pro Se Plaintiff
ari@teman.com
Jan 8, 2026
Tel Aviv, Israel