**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**ARI TEMAN,**
Plaintiff,

v.

**NOAM BIALE, et al.,**
Defendants.                                                           Case No. 25-cv-5454 (MKV)


**April 3, 2026[1]**
Tel Aviv, Israel


**Via ECF (Temp Pro Se Filing) and Email**

Hon. Mary Kay Vyskocil
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Teman v. Biale, et al.*, 25-cv-5454 (MKV)

Dear Judge Vyskocil:

I write respectfully to request that the Court (i) lift the stay, (ii) hold the fugitive disentitlement doctrine inapplicable, (iii) deny or defer substitution of counsel, (iv) order disclosure of the Government's representation of Judge Engelmayer to counterparties appearing before him, (v) transfer this action to the Southern District of Florida, and (vi) issue a narrowly tailored temporary restraining order prohibiting ex parte or indirect communications between Judge Engelmayer and SDNY AUSAs concerning me.

The stay should be lifted because it prevents adjudication of constitutional and conflict-based claims while effectively insulating those claims from review. The present action alleges structural defects in the integrity of proceedings, including undisclosed conflicts and improper communications, and a stay cannot be used to shield such allegations from judicial scrutiny. The current posture permits defendants to benefit from delay while I am barred from litigating, which is inconsistent with the equitable principles governing discretionary stays.

The fugitive disentitlement doctrine does not apply as a matter of law because there is no nexus between any alleged fugitivity and the claims asserted here. This is not a case in which the Court's authority must be protected against evasion; rather, it is a civil action brought by me against former counsel asserting malpractice and constitutional violations, containing no claims against me and incapable of resulting in any enforceable judgment against me. In a materially identical case brought by me in this District, Judge Liman held:

---

[1] It is currently "Chol Hamoed, Day 1" of Passover, during which work is permitted, in the Israel calendar.

1

**"the instant case lacks the expressly required nexus between fugitivity and the course of the proceedings."**
*Teman v. Zeldes Needle Cooper LLP*, No. 24-cv-9830 (LJL), ECF 32 at 6–7.

That holding controls here. Applying disentitlement in this case would directly conflict with binding authority involving the same plaintiff and indistinguishable claims, where the absence of any enforcement interest or nexus was dispositive.

The Government's request for substitution of counsel should be denied or, at minimum, deferred because the conflict at issue is institutional rather than personal. The Government has admitted that its representation of Judge Engelmayer conflicts with its appearance before him. The Department of Justice operates as a unified office in which attorneys communicate informally and handle overlapping matters involving Judge Engelmayer and matters involving me. Under these circumstances, replacing one attorney does not cure the structural conflict. Allowing substitution while the case remains stayed would further prejudice me by permitting defendants to advance their position while I remain barred from litigating.

For similar reasons, disclosure to counterparties is necessary. The Government is simultaneously defending Judge Engelmayer while appearing before him in criminal and civil matters. That fact is material to any litigant assessing the fairness of proceedings, and the Court should require the Government to notify counterparties in all matters before Judge Engelmayer of that representation so that those parties may make informed decisions regarding their cases.

Transfer of this action to the Southern District of Florida is warranted under 28 U.S.C. § 1404(a). I reside in Miami-Dade County, and this case is deeply entangled with SDNY institutional actors, including the Government's representation of a sitting SDNY judge and allegations arising from SDNY proceedings. Transfer would eliminate both actual and perceived bias and provide a neutral forum for adjudication.

Finally, a temporary restraining order is necessary to prevent ongoing irreparable harm. Judge Engelmayer has admitted on the record that he communicates with prosecutors outside formal proceedings and does so "from time to time." At the same time, the Department of Justice is representing him in this litigation. These facts create a structural breakdown in the separation between adjudicator and advocate. Because these interactions occur within the same office and through informal channels that cannot be monitored, no ethical wall can realistically prevent further ex parte communications. I therefore respectfully request that the Court direct Judge Engelmayer to cease and desist from any direct or indirect communications with SDNY AUSAs concerning me or any matter relating to me outside formal, on-the-record proceedings, and to prohibit any ex parte communications concerning matters in which I am involved or have a direct interest.

In short, the Court cannot maintain a stay grounded in respect for judicial process where the record reflects undisclosed communications between the adjudicator and the prosecuting authority, an active attorney-client relationship between them, and binding precedent in this District holding that disentitlement does not apply to materially identical claims.

I respectfully request that the Court grant the relief set forth above.

Respectfully submitted,

/s/ Ari Teman
Ari Teman
Plaintiff, Pro Se
Tel Aviv, Israel
ari@teman.com

2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**ARI TEMAN,**
 Plaintiff,

v.

**NOAM BIALE, et al.,**
 Defendants.                                                                      Case No. 25-cv-5454 (MKV)


**[PROPOSED] ORDER**

Upon Plaintiff's April 3, 2026 letter-motion seeking to (i) lift the stay, (ii) hold the fugitive disentitlement doctrine inapplicable, (iii) oppose substitution of counsel, (iv) require disclosure of certain representations, (v) transfer venue, and (vi) obtain limited injunctive relief, and upon consideration of the record, it is hereby:

**ORDERED** that, consistent with *Teman v. Zeldes Needle Cooper LLP*, No. 24-cv-9830 (LJL), ECF 32 at 6–7, the Court finds that the fugitive disentitlement doctrine does not warrant a stay in this case because there is no nexus between any alleged fugitivity and the claims asserted herein; and it is further

**ORDERED** that Defendants shall answer, move, or otherwise respond to the Complaint within twenty-one (21) days of the date of this Order; and it is further

**ORDERED** that the Government's request for substitution of counsel is **DENIED WITHOUT PREJUDICE**, or alternatively **DEFERRED**, pending further proceedings; and it is further

**ORDERED** that, within fourteen (14) days of this Order, the United States Attorney's Office for the Southern District of New York shall provide written notice, in a form reasonably calculated to inform, to counterparties in matters currently pending before the Hon. Paul A. Engelmayer that the Office represents Judge Engelmayer in this action; and it is further

**ORDERED** that Plaintiff's request to transfer this action to the United States District Court for the Southern District of Florida is **GRANTED**, and the Clerk of Court is directed to effect such transfer; and it is further

**ORDERED** that, pending further order of the Court, Judge Paul A. Engelmayer shall not engage in any ex parte communications with attorneys or personnel of the United States Attorney's Office for the Southern District of New York concerning Plaintiff Ari Teman or any matter in which Plaintiff is a party or has a direct interest, except in formal proceedings on the record with all parties present; and it is further

**ORDERED** that the Court retains jurisdiction to enforce and, if necessary, modify this Order.

SO ORDERED.


HON. MARY KAY VYSKOCIL
 United States District Judge
  Dated: _____, 2026
 New York, New York

**CERTIFICATE OF SERVICE**

I, Ari Teman, certify that on April 3, 2026, I served a true and correct copy of the foregoing Motion to Lift Stay, together with the Proposed Order, upon all parties by:

(1) submitting the filing to the Court via the SDNY Temporary Pro Se Email Filing system for docketing on ECF; and

(2) transmitting a copy via electronic mail to all counsel of record, including:

> Office of the United States Attorney
> Southern District of New York
> 86 Chambers Street
> New York, New York 10007
>
> Attn: Rachel Kroll, AUSA
> Email: rachel.kroll@usdoj.gov

and any other counsel appearing in this action.

I declare under penalty of perjury that the foregoing is true and correct.

> Dated: April 3, 2026
> Tel Aviv, Israel
>
> /s/ Ari Teman
> Ari Teman
> Plaintiff, Pro Se

4